IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRIAN STEPHEN KIRABIRA, ) | | |
| a 089-319-256, ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | 3:08-CV-1780-B | |
| ) | | |
| STATE OF TEXAS, ) | | |
| Defendant. ) | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action seeking to "quash" a state criminal proceeding presently pending against a detainee of the Bureau of Immigration Customs Enforcement (ICE).

Parties: Plaintiff is presently confined at the Rolling Plains Detention Center in Haskell, Texas. The State of Texas is the sole named defendant. The court did not issue process in this case, pending preliminary screening.

Statement of Case: Essentially Plaintiff asks this court to dismiss a state misdemeanor case presently pending against him under his alias. *See State v. Brian Scott Johnson*, No. MB07-12216 (Dallas County). He complains of Fourth Amendment violations and defamation of his character.

Findings and Conclusions: The court granted Plaintiff leave to proceed *in forma pauperis*. Before screening his complaint under 28 U.S.C. § 1915(e)(2)(B), the court must first

examine the threshold question of whether it has subject matter jurisdiction in this case. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); In re *Moody*, 849 F.2d 902, 904 (5th Cir. 1988).

The *Younger* doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 54, 91 S.Ct. 746, 755 (1971). This same prohibition also applies to suits for declaratory relief. *See Samuels v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 768 (1971).

For *Younger* to apply, three requirements must be satisfied: (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Texas Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (*Middlesex Country Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).

Plaintiff's state misdemeanor criminal proceeding satisfies all three of these requirements. The proceeding is on-going, the state has an important interest in prosecuting state criminal violations, and the state proceeding will afford the plaintiff an opportunity to raise constitutional challenges. Moreover, Plaintiff fails to show that an exception to *Younger* is warranted. He does not to allege that the State of Texas undertook his prosecution in bad faith. *See Perez v. Ledesma,* 401 U.S. 82, 85, 91 S.Ct. 674 (1971); *see also Kugler v. Helfant,* 421 U.S. 117, 124-25, 95 S.Ct. 1524 (1975). He merely complains of alleged Fourth Amendment violations at the

time of his arrest, and possible defamation of his character.

Under these circumstances, the District Court should abstain from exercising jurisdiction under the *Younger* abstention doctrine.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED in accordance with the abstention doctrine enunciated in *Younger v. Harris, supra*.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 28th day of October, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.